UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-233-FDW
(3:09-cr-172-FDW-1)

JAMES THOMAS TERRELL, III,          )
                                    )
                                    )
                    Petitioner,     )
                                    )
vs.                                 )                    ORDER
                                    )
UNITED STATES OF AMERICA,           )
                                    )
                    Respondent.     )
_____ )

This matter is before the Court on Petitioner's Motion for Reconsideration of this Court's dismissal of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 11). Petitioner filed the motion through counsel Wilbert Terry Sherrill.

Petitioner's Motion for Reconsideration is denied. First, Petitioner contends that "fairness requires" this Court to "set aside" its prior order of dismissal because the Court did not allow Petitioner the opportunity to file a Reply to the Government's response. This contention is without merit. First, Rule 5 of the Rules Governing Section 2255 Proceedings provides that a moving party "may" submit a Reply to the Government's Response "within a time fixed by the judge." Rule 5 of the Rules Governing § 2255 Proceedings. There is, however, no absolute right for a Petitioner to file a Reply to the Government's Response in an action brought under § 2255. See United States v. King, 184 F.R.D. 567, 568 (E.D. Va. 1999) (stating that the failure of the government to serve on the petitioner its response to the petitioner's motion to vacate, set aside, or correct sentence did not constitute a mistake or excusable neglect warranting relief from judgment denying the motion to vacate, considering that the petitioner had no right to file a reply

1

to the government's response).

Furthermore, this Court notes that Petitioner's counsel, who made an appearance in this action on October 2, 2013, after the Court had already entered its Order dismissing the case, states that he was "surprised to find out that an Order dismissing Petitioner's motion to vacate was entered so quickly after the filing of the Government's delinquent response." (Doc. No. 11 at 5). Here, the Government filed its Response on August 27, 2013, and this Court entered its Order dismissing this action on September 13, 2013. Thus, contrary to counsel's contention, Petitioner had ample time following the filing of the Government's Response to file a Reply before this Court dismissed this action. In any event, the Court has considered the arguments presented in the Reply attached to the motion for consideration and finds that Petitioner does not show that relief from the earlier judgment is warranted. Therefore, the Court will deny the motion for reconsideration.

**IT IS THEREFORE ORDERED** that:

1. Petitioner's Motion for Reconsideration, (Doc. No. 11), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner

2

has failed to make the required showing.

Signed: March 23, 2014

Frank D. Whitney
Chief United States District Judge